## SUPREME COURT.

WAGGONER agt. JOEL BROWN, ADMINISTRATOR, and ANN BROWN, ADMINISTRATRIX, &c.

A *verification* to a complaint as follows: " A—— B—— the above plaintiff being duly sworn, says the above complaint is substantially true of his own knowledge," is defective.

An answer to such a complaint, without verification is well pleaded.

*Steuben Special Term,* 1853.   Notice to set aside judgment for irregularity.   The complaint was upon two promissory notes alleged to have been made by the intestate.   The verification to the complaint was in the following form:   " Joseph A. Waggoner, the above plaintiff, being duly sworn says, the above complaint is substantially true, of his own knowledge."

The defendants put in an answer without verification, which the plaintiff's attorney returned and entered up judgment as though no answer had been received.

> D. STRAIGHT, *for Plaintiff.*
> M. H. WYGANT, *for Defendants.*

JOHNSON, Justice.—The complaint was not properly verified. The word " substantially " in the connexion in which it stands in the verification is a qualifying term, and imports, that the facts stated in the complaint are mainly, but may not be entirely, true.   To which of the essential facts stated in the complaint, or to what part of any of them, or precisely to what extent, the qualification was designed to extend, cannot be seen.   The statute as to every thing material should be strictly followed and parties not be permitted to evade it, by qualifications or reservations of any kind.   The complaint served with the summons not having been properly verified, the defendants were

at liberty to put in their answer without verification. They were not bound under such circumstances by the verification at all. The plaintiff's attorney was therefore in error in returning the answer and entering his judgment as though none had been put in.

Judgment set aside with ten dollars costs of motion.